**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAVANNAH LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 25-CV-3274 |
| | ) |
| v. | ) |
| | ) Honorable Judge Sara Darrow |
| ALEX WILEY, *et. al..* | ) Magistrate Judge Ronald L. Hanna |
| | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

The parties to this action have moved that the Court enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.      Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      Confidential Information.

(a)      As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: a) medical or mental health information concerning any individual; (b) personal identity information, including but not limited to home addresses of current or former Illinois Department of Corrections ("IDOC") officers;

1

(c) personal financial records; (d) personnel or employment records; (e) confidential or proprietary information of IDOC vendors and contractors; and (f) information that could compromise the safety and security of Illinois Department of Corrections operations, including, but not limited to, IDOC policies and procedures. Information or documents that are available to the public may not be designated as Confidential Information, including information obtained pursuant to a request made under a state or federal freedom of information law.

(b)     As used in this Order, "ATTORNEYS' EYES ONLY" means information designated as "ATTORNEYS' EYES ONLY" by the producing party and falls within one or more of the following categories: (a) medical or mental health information concerning any non-party; (b) material related to Illinois Department of Corrections investigations into third-party PREA allegations, including but not limited to related investigation reports and investigation interviews; (c) information that could compromise the safety and security of Illinois Department of Corrections facilities and operations, including, but not limited to policies and procedures; and (d) confidential or proprietary information of IDOC vendors and contractors.

3.     Designation.

(a)     A party may designate as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS'

2

EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise close the substance of the Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.[1]

4.     Depositions

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY " on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within that fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying specific portions of the testimony that are designated Confidential Information, and thereafter only those

---

[1]     An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Central District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record during the deposition, unless otherwise ordered by the Court.

5.      Protection of Confidential Material.

(a)      General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)  Counsel.  Counsel for the parties and employees of counsel who have responsibility for the action, who shall use such information solely for the purposes of this litigation, provided that the employee signs a confidentiality agreement in the form attached hereto as "Exhibit A" prior to receiving any "ATTORNEY EYES ONLY" information, documents, or things;

(2)  Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)  The Court and its personnel;

(4)  Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)  Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

4

(6) Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents marked "ATTORNEYS' EYES ONLY" to any person or entity, including clients, except as set forth in subparagraphs (1) - (3). Only the following categories of persons may be allowed to review "ATTORNEYS' EYES ONLY" Information:

(1)      Attorneys who are retained to represent or advise a Party in this Action;

(2)      Attorney support staff, including other attorneys, paralegals, secretaries, and law clerks, provided that the support staff signs a confidentiality agreement in the form attached hereto as "Exhibit A" prior to receiving any "ATTORNEYS' EYES ONLY" information, documents, or things;

(3)      Witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts as provided for all Confidential Information, except for current or former IDOC inmates.

(d)      The parties and counsel for the parties agree that a party should be permitted to review all investigation reports where they are subject of the investigation report as either the alleged perpetrator or victim. As such, the parties agree not to designate any investigation reports as "ATTORNEYS' EYES ONLY" for the party that is subject of the investigation report as either the alleged perpetrator or victim An investigation report could be designated "ATTORNEYS' EYES ONLY" for all parties that are not the subject of the investigation report as either the alleged perpetrator or victim. All parties retain the ability to challenge a designation pursuant to paragraph 9.

(e)      Under no circumstances shall any Confidential Information be disclosed to any person currently in the custody of the Illinois Department of Corrections, except as provided in this paragraph. Any party intending to use Confidential Information during testimony by a current IDOC prisoner (either in deposition or at trial) shall inform all other parties of the intended use at least 3 days prior to the anticipated testimony. If any party objects to the use of Confidential Information, counsel shall inform all counsel of the objection at least 1 day before the anticipated testimony. If the parties do not agree on the intended use of the Confidential Information, then the matter should be brought to the attention of the Court. If a hearing cannot be set prior to the scheduled deposition, the deposition shall proceed without using the Confidential Information. The objecting party shall be responsible for all costs associated with any subsequent deposition of the deponent if the Court rules that the Confidential Information may be used.

(f)      Notwithstanding the other provisions of this order, the Parties may redact any portions of documents and other information that contains personal information including home addresses, telephone numbers, social security numbers, IDOC numbers, dates of birth and medical and mental health information of any person, including but not limited to present inmates, former

inmates, alleged offenders named in police reports, Illinois Department of Corrections employees, family members of employees or inmates, volunteers and victims, unless the information is relevant to the litigation.

(g)     Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Prior to Counsel disclosing discovery subject to this Order to any person in accordance with this Order, Counsel shall inform the person to whom the discovery is provided that disclosure to and by them is subject to this Order. To the extent acknowledgement is required, Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three months after the termination of this case.

6.     Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.    Filing of Discovery Subject to This Order and Use in Court Proceedings.

(a)    This Order does not authorize the filing of any document under seal. A party who wishes to file a document under seal must do so in accordance with Local Rule 5.10 and establish a legal basis for why such document may and should be sealed under applicable law.

(b)    This Order does not prohibit or limit the use or disclosure of any discovery during the course of any public court proceedings in this litigation, including hearings and trial.

8.    No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    Challenges  by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)    Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)    Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent

declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY " under this Order, including copies as defined in ¶ 3(a), shall be

destroyed to the extent practicable, unless this is contrary to the State Records Act, 5 ILCS 160/1 et seq.; in which case, the documents will be returned to the state agency of origin.

(c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order.   An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this

12

Order by its terms.

**IT IS SO ORDERED**.

Dated:  6/4/2026                                    s/ Ronald L. Hanna
                                          UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAVANNAH LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 25-CV-3274 |
| | ) |
| v. | ) |
| | ) Honorable Judge Sara Darrow |
| ALEX WILEY, *et. al.*, | ) Magistrate Judge Ronald L. Hanna |
| | ) |
| Defendants. | ) |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Central District of Illinois in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate him/her to use

materials designated as Confidential Information in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such Confidential Information to

any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

13

Business Address:     _____

_____

_____

Date: _____          _____

Signature

14